**FILED**
**Oct 26, 2020**
**03:46 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**IN THE COURT OF WORKERS' COMPENSATION CLAIMS**
**AT JACKSON**

| | | |
|---|---|---|
| **BILLY BEECHAM,** | ) | **Docket No. 2019-07-0184** |
| **Employee,** | ) | |
| **v.** | ) | |
| **CELADON GROUP, INC.,** | ) | **State File No. 82322-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **AGRI GENERAL INS. CO.,** | ) | **Judge Amber E. Luttrell** |
| **Carrier.** | ) | |

## COMPENSATION ORDER GRANTING BENEFITS

The Court held a Compensation Hearing on September 30, 2020, on Mr. Beecham's claim for workers' compensation benefits for injuries to his neck, back, and shoulder. Celadon contended Mr. Beecham's claim is barred based on his alleged violation of its safety rules. For the reasons below, the Court holds Celadon did not prevail on its safety rule defense and awards Mr. Beecham one-percent permanent partial disability benefits and lifetime future medical benefits.

### Claim History

Mr. Beecham, an over-the-road truck driver, sustained injuries to his neck, back, and shoulder on October 18, 2017, when he fell while exiting his truck. He reported the incident, continued working, and sought authorized treatment from an urgent-care clinic a few days later. Over the next year, Mr. Beecham underwent conservative treatment and continued working full-duty through October 2018. After an orthopedic referral, Mr. Beecham received a panel from which he selected Dr. Timothy Sweo.

Mr. Beecham first saw Dr. Sweo in October 2018. Dr. Sweo diagnosed cervicalgia and left-shoulder pain and temporarily restricted him from driving a truck. Although Celadon could accommodate his restrictions, Mr. Beecham declined to return to work. He stated he could not continue driving due to pain. Dr. Sweo did not recommend surgery. He placed Mr. Beecham at maximum medical improvement in January 2019 and assigned a

1

one-percent permanent impairment rating with no permanent restrictions. Mr. Beecham testified he started receiving social security retirement benefits in January 2019 in the gross amount of $1,440 per month.

After Mr. Beecham obtained a conflicting impairment rating from an independent medical evaluator, he saw Dr. David West for an evaluation through the Bureau's Medical Impairment Rating Registry program. Dr. West agreed with Dr. Sweo's one-percent impairment rating. Dr. West's rating was the only one admitted into evidence.

Mr. Beecham filed a Petition for Benefit Determination because he was dissatisfied with his authorized treatment, and he requested an expedited hearing seeking additional treatment. After a hearing, the Court ordered Celadon to provide medical benefits with his authorized physician. Afterward, the Court granted Celadon's Motion to Amend the Dispute Certification Notice to add willful misconduct as an affirmative defense. Celadon based the amendment request on video surveillance footage of Mr. Beecham's accident obtained after the Dispute Certification Notice was issued. Celadon then filed a Motion for Summary Judgment, which the Court denied.

*Hearing Testimony*

Mr. Beecham testified regarding the details of his accident and Celadon's safety rule defense. He stated the accident occurred because he was wearing sunglasses and did not notice he stepped in oil the first time he exited the truck. The oil on his shoes caused him to slip and fall when he attempted to exit the truck a second time.

Mr. Beecham acknowledged the two safety policies Celadon contended he violated. First, he agreed that Celadon required drivers to wear slip-resistant shoes. He admitted that he wore "Crocs" rubber shoes at the time of his accident because they were more comfortable. He stated Celadon knew he did this. Second, he acknowledged Celadon's policy for exiting the tractor, which requires drivers to exit rear-facing and using three-points of contact. Mr. Beecham admitted he exited the tractor forward-facing and chose not to follow the three-point contact rule.[1] He stated that other drivers do the same, and Celadon was aware he did this. He admitted that Wanda Carter, Celadon's safety-manager, counseled him regarding these safety rules after the accident; however, he stated she kept him working for another year until he quit.

Celadon offered the affidavit of Ms. Carter into evidence to support its defense. Mr. Beecham objected because Ms. Carter was not present for cross-examination. Celadon's counsel responded that Celadon filed for bankruptcy, and he was unable to reach Ms. Carter. The Court took the objection under advisement and sustains the objection. The

---

[1] The parties introduced video, which accurately depicted Mr. Beecham's fall in its entirety and confirmed he exited the truck forward facing without using three points of contact.

affidavit is hearsay, and Celadon offered no proof to satisfy an exception under Tennessee Rules of Evidence 804(a)(1-6) to show Ms. Carter was unavailable.[2]

## Findings of Fact and Conclusions of Law

At a Compensation Hearing, Mr. Beecham must establish by a preponderance of the evidence that he is entitled to the requested benefits. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2019).

For Celadon to prevail on its safety rule defense, it has the burden of proving four elements: (1) Mr. Beecham's actual, as opposed to constructive, notice of the rule; (2) his understanding of the danger involved in violating the rule; (3) Celadon's bona fide enforcement of the rule; and, (4) Mr. Beecham's lack of a valid excuse for violating the rule. *Mitchell v. Fayetteville Pub. Utilities,* 368 S.W.3d 442, 453 (Tenn. 2012). Here, Celadon submitted no proof or insufficient proof to satisfy factors two and three, which require that Mr. Beecham understood the danger involved in violating the rules and that Celadon enforced the rules. For these reasons, this defense must fail.[3]

Since Mr. Beecham's claim is not barred by the asserted defense, the Court holds that the preponderance of the evidence shows he suffered an injury arising primarily out of and in the course and scope of his employment on October 18, 2017. Based on Dr. West's rating, the Court finds Mr. Beecham sustained a one-percent permanent impairment. By stipulation, his compensation rate is $669.50; however, the Court finds Celadon is entitled to an offset based on Mr. Beecham's social security retirement benefits of $1,440 per month. After the offset, Mr. Beecham's weekly compensation rate is reduced to $503.35, and he is entitled to an original award of $2,265.08 in permanent disability benefits (1% x 450= 4.5 weeks x $503.35= $2,265.08) with future medical benefits.[4]

As for additional benefits, Mr. Beecham did not argue he was entitled to increased benefits. Nevertheless, the proof showed Celadon offered work to accommodate his temporary restrictions; however, Mr. Beecham refused and voluntarily quit because he believed he could no longer drive a truck. Dr. Sweo later released him at maximum medical

---

[2] Notably, Celadon's counsel was able to reach Ms. Carter to prepare and execute the affidavit in September 2019.

[3] If Ms. Carter's affidavit had been admissible, the Court finds her testimony failed to prove Mr. Beecham understood the dangers of violating its policies or the company's enforcement of its policies. Thus, the defense would still fail.

[4] For Mr. Beecham's social security retirement offset calculation, Celadon contended his monthly $1440 equated to weekly retirement benefits of $332.31. It is entitled to an offset against the compensation rate for fifty percent of the weekly retirement benefit. *See* Tenn. Code Ann. § 50-6-207. Fifty percent of $332.31 is $166.15 per week. After deducting $166.15 from Mr. Beecham's $669.50 compensation rate, the resulting rate is $503.35 per week.

improvement with no permanent restrictions. Under these facts, the Court finds Mr. Beecham is not entitled to increased benefits and is limited to his original award.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Beecham shall recover from Celadon Group Inc. or its insurance carrier permanent partial disability benefits in the amount of $2,265.08.

2. Mr. Beecham shall receive future medical benefits under the statute.

3. Costs of $150.00 are assessed against Celadon Group Inc. under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (August 2019), to be paid within five days of this order becoming final.

4. Celadon Group Inc. shall prepare and file the SD-2 with the Clerk within ten business days of the date of this order under Tennessee Code Annotated section 50-6-224.

5. Unless appealed, the order shall become final thirty days after issuance.

**ENTERED October 26, 2020.**

_Amber Luttrell_
**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**

4

# APPENDIX

**Exhibits:**
1. Wage statement
2. Video of accident
3. MIRR evaluation report
4. Premier Radiology report (2 pgs.)
5. Dr. Sweo's records

**Marked for Identification Only:**
1. Wanda Carter's affidavit

**Technical record:**
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Expedited Hearing Order
5. Employer's Motion to Amend DCN
6. Order Granting Motion to Amend DCN
7. Employer's Motion for Summary Judgment
8. Employee's Response to Motion for Summary Judgment
9. Employer's Reply to Employee's Response
10. Order Denying Summary Judgment
11. Scheduling Order
12. Pre-Compensation Hearing Statement
13. Employer's Pre-Hearing Brief
14. Post-Discovery DCN

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on October 26, 2020.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Billy Beecham, Employee | X | X | P. O. Box 519<br>Paris, TN  38242<br>billybeecham76@gmail.com |
| Kenny Veit, Attorney for Employer | | X | kenny.veit@leitnerfirm.com<br>crystal.brown@leitnerfirm.com |

_Penny Shrum_
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fullycompleted Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation  www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____ **Employer**

Notice is given that _____ *[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date filestamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____ issued

by Judge _____.

**Statement of the Issues on Appeal**
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

**Parties**
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee
Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____

*__ [Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries        $ _____ per month        Telephone       $ _____ per month

Electricity      $ _____ per month        School Supplies $ _____ per month

Water            $ _____ per month        Clothing        $ _____ per month

Gas              $ _____ per month        Child Care      $ _____ per month

Transportation   $ _____ per month        Child Support   $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____        (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____        (FMV) _____

Other                   $ _____        Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____            _____

_____            _____

_____            _____

_____            _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____ , 20 _____ .


_____

NOTARY PUBLIC

My Commission Expires: _____